OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Marlan H. Raymond, appeals the judgment entered by the Portage County Municipal Court, Kent Division. Raymond was convicted of violating a protection order or consent agreement in violation of Kent City Ordinance Section 509.11.
 {¶ 2} Raymond was previously married to Susan Osborne. A civil protection order was issued in May 2001. This order placed limitations on Raymond's contact with Osborne and, specifically, prevented him from coming within five hundred feet of her. In addition, the order indicated that if Raymond accidentally came in contact with Osborne at a public location, Raymond was required to leave the location immediately.
 {¶ 3} Osborne testified that she drove past Raymond's house on her way to the Kent Post Office. Moments later, while at the post office, she noticed Raymond watching her perform her errands. After she left the post office, she was stopped at a traffic light in her car. She looked in the rear view mirror and saw Raymond chasing her on his bicycle. Her next stop was at their son's house to drop off laundry. After she pulled into her son's driveway, she witnessed Raymond on his bicycle. She testified that he rode back and forth in front of their son's residence while she was there.
 {¶ 4} Raymond acknowledged seeing Osborne at the Kent Post Office. He testified that he was at the post office to change his address. However, he did not change his address, because the line was too long. He states he saw Osborne as she was leaving and she almost backed her car over him. He testified he did not know where she was heading after leaving the post office. He then went to their son's house, because he claimed he needed to talk to his son. When he arrived near his son's house, he saw Osborne's vehicle in the driveway, so he waited for her to leave. Raymond stated that he was more than five hundred feet away from Osborne when she was at their son's house.
 {¶ 5} As a result of these events, Raymond was charged with one count of violating a protection order pursuant to Kent City Ordinance Section 509.11. A bench trial was held, wherein Raymond was found guilty. Raymond was sentenced to one hundred eighty days in jail, with one hundred fifty days suspended.
 {¶ 6} Raymond raises two assignments of error on appeal. We will address these assignments of error out of order. Raymond's second assignment of error is:
 {¶ 7} "The conviction of the defendant was not supported by sufficient evidence. The trial court erred as a matter of law in overruling the Criminal Rule 29 motion at the close of the prosecutor's case and the evidence presented was insufficient to sustain the conviction of the defendant for reckless violation of the civil protection order."
 {¶ 8} A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction.[1]
When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[2]
 {¶ 9} Raymond was charged with violating the terms of a protection order or consent agreement, codified as Kent City Ordinance Section 509.11, which states:
 {¶ 10} "(a) No person shall recklessly violate any terms of a protection order issued or consent agreement approved pursuant to Ohio R.C. 2919.26 or 3113.31,
 {¶ 11} "(b) Whoever violates this section is guilty of violating a protection order or consent agreement, a misdemeanor of the fourth degree. (O.R.C. 2919.27)"
 {¶ 12} The elements of this municipal code section are identical to the elements of R.C. 2919.27.
 {¶ 13} Osborne's testimony reveals that Raymond was within five hundred feet of her on three occasions on the day in question. The first incident was at the post office, the second occurred when Raymond was on his bicycle following Osborne in her car, and the third occurred outside of their son's residence. Raymond admits being within five hundred feet of Osborne at the post office. Osborne testified that Raymond was within five hundred feet of her when she was stopped in traffic and Raymond was chasing her on his bicycle. Finally, Osborne testified that Raymond was riding his bicycle back and forth on the sidewalk in front of their son's house, and he was within five hundred feet of her at this time.
 {¶ 14} Viewing this evidence in a light most favorable to the prosecution, a rational person could have found that Raymond was within five hundred feet of Osborne beyond a reasonable doubt.
 {¶ 15} Next, we must determine if the state presented sufficient evidence to show that Raymond acted recklessly when he came within five hundred feet of Osborne.
 {¶ 16} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."[3]
 {¶ 17} Osborne testified that she drove by Raymond's residence on her way to the post office and Raymond was at the post office moments later. She states that Raymond was watching her while she completed her tasks at the post office. This is sufficient evidence to show that Raymond recklessly violated the terms of the protection order.
 {¶ 18} The second incident occurred when Raymond was on his bicycle chasing Osborne in her vehicle. Osborne testified that Raymond was chasing her. This court has held that actively chasing an individual is an intentional act and, thus, meets the recklessly standard for violating a protection order.[4]
 {¶ 19} The final incident occurred when Raymond was on his bicycle in front of their son's house. According to Osborne, Raymond rode back and forth on his bicycle in front of the house while watching her. This is sufficient evidence to show that Raymond's conduct was reckless.
 {¶ 20} In addition, the state provided evidence, through Osborne's testimony, that Raymond did not immediately leave after seeing Osborne at the post office or their son's residence. The protection order required Raymond to immediately depart any public place where accidental contact with Osborne occurs. Therefore, even if Raymond's contact with Osborne at the post office and his son's house was mere chance or accident, his unwillingness to immediately depart was sufficient to show that he acted recklessly.
 {¶ 21} The state provided evidence that, when viewed in a light most favorable to the prosecution, a rational individual could have found that Raymond acted recklessly beyond a reasonable doubt.
 {¶ 22} The state provided sufficient evidence going to all the elements of Kent Municipal Code section 509.11. Therefore, the trial court did not err by denying Raymond's motion for acquittal.
 {¶ 23} Raymond's second assignment of error is without merit.
 {¶ 24} Raymond's first assignment of error is:
 {¶ 25} "The verdict of the trial court was against the manifest weight of the evidence where the prosecutor failed to prove beyond a reasonable doubt all of the elements of the offense."
 {¶ 26} In determining whether a verdict is against the manifest weight of the evidence, the Ohio Supreme Court has adopted the following language as a guide:
 {¶ 27} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[5]
 {¶ 28} Raymond and Osborne both testified at trial. As noted in our analysis of Raymond's second assignment of error, Osborne's testimony was sufficient to sustain a conviction. Raymond's testimony indicated that the meeting at the post office and any meeting on the street were accidental. He argues, therefore, that he did not recklessly come within five hundred feet of Osborne. Additionally, he testified that he was more than five hundred feet from Osborne when he was watching her while she was at their son's house. Thus, the difference in the testimony of the two individuals was whether the contact was reckless in regard to the post office and street encounters and what was the distance between the individuals when Osborne was at their son's house. We cannot say the trial court, as the trier of fact, created a manifest miscarriage of justice by giving more credence to Osborne's version of the events.
 {¶ 29} Raymond's first assignment of error is without merit.
 {¶ 30} The judgment of the trial court is affirmed.
Grendell and Rice, JJ., concur.
[1] Crim.R. 29(A).
[2] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307.
[3] R.C. 2901.22(C).
[4] State v. Blackburn, 11th Dist. No. 2001-T-0052, 2003-Ohio-605, at ¶ 27.
[5] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.